# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAN ABERA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO PACIFICVU LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-01937-RBM-DEB<br><br>**ORDER DISMISSING ACTION** |

On July 31, 2025, Plaintiff Aman Abera ("Plaintiff"), proceeding *pro se*, commenced this action by filing the operative Complaint ("Complaint"). (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion for Temporary Restraining Order, Immediate Stay and Quashing of Void Writ of Possession ("TRO Application") (Doc. 2), a Motion for Leave to Electronically File Documents ("E-File Motion") (Doc. 4), an Application to Proceed *In Forma Pauperis* ("IFP Application") (Doc. 5), and a second Motion for Temporary Restraining Order ("Second TRO Application") (Doc. 7). Plaintiff also filed a Motion to Transfer Venue ("Motion to Transfer") shortly thereafter. (Doc. 10.)

For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP Application (Doc. 5) and **DISMISSES** the Complaint (Doc. 1) as frivolous. The Court further **DENIES** Plaintiff's TRO Applications (Docs. 2, 7), Plaintiff's E-File Motion (Doc. 4), and Plaintiff's Motion to Transfer (Doc. 7) **AS MOOT**.

## I. BACKGROUND

This action relates to an unlawful detainer matter adjudicated in the Superior Court of California, County of San Diego ("San Diego Superior Court") captioned *San Diego Pacificvu LLC v. Abera*, Case No. 24UD014810C (the "Unlawful Detainer Action").

### A. *Abera I*

On June 5, 2025, Plaintiff initiated his first civil action before this Court. *See Abera v. PacificVU LLC et al.*, Case No. 25-cv-01437-RBM-DEB (S.D. Cal. June 5, 2025), ECF No. 1 ("*Abera I*"). On the same day, Plaintiff filed an Application to Proceed IFP and an Emergency Ex Parte Application for Temporary Restraining Order. *Id.*, ECF Nos. 2–3. On June 9, 2025, before the Court issued a ruling on his pending applications, Plaintiff filed a Notice of Appeal with the Ninth Circuit appealing this Court's "effective . . . constructive denial" of the Emergency Ex Parte Application. *Id.*, ECF No. 6. On June 10, 2025, this Court denied Plaintiff's IFP application for failure to adequately allege indigency but granted Plaintiff leave to file an amended application. *Id.*, ECF No. 8 at 4 ("If Plaintiff wishes to proceed IFP, he may file a renewed IFP application that provides clear and legible answers and sufficiently demonstrates indigency."). The Ninth Circuit denied his appeal for lack of jurisdiction on June 16, 2025. *Id.*, ECF No. 12 at 1. Plaintiff did not file an amended IFP application, and the case remains dismissed.

### B. *Abera II*

Instead of filing an amended application in *Abera I*, Plaintiff initiated a second related civil action on June 18, 2025. *See Abera v. PacificVU LLC et al.*, Case No. 25-cv-01488-RBM-DEB (S.D. Cal. June 18, 2025), ECF No. 1 ("*Abera II*"). On the same day, Plaintiff filed a second IFP application, a second TRO application, and a Motion for Leave to Electronically File Documents. *Id.*, ECF Nos. 2–4.

On June 20, 2025, *Abera II* was identified as related to Plaintiff's first action, *Abera I*. *Id.*, ECF No. 5. Plaintiff filed an objection to the transfer that same day. *Id.*, ECF No. 6. On June 30, 2025, *Abera II* was transferred to the undersigned pursuant to Local Rule 40.1. *Id.*, ECF No. 8 at 1. On July 1, 2025, and again before the Court issued a ruling,

1 Plaintiff filed a second Notice of Appeal based on the Court's "constructive denial" of
2 Plaintiff's second TRO application. *Id.*, ECF No. 9 at 2. The Ninth Circuit denied his
3 second appeal for lack of jurisdiction on July 21, 2025. *Id.*, ECF No. 14. The same day,
4 Plaintiff filed a Motion to Disqualify Pursuant to 28 U.S.C. § 455(a). *Id.*, ECF No. 16.

5  On July 25, 2025, this Court issued an order: (1) granting Plaintiff's second IFP
6 Application; (2) dismissing his second Complaint on screening for lack of subject matter
7 jurisdiction; (3) denying Plaintiff's second TRO application; (4) denying Plaintiff's E-File
8 Motion as moot; and (5) denying Plaintiff's Motion to Disqualify (the "*Abera II* Order").
9 *Id.*, ECF No. 18. On August 1, 2025, Plaintiff filed a Motion to Vacate Void Judgment
10 under Rule 60(b)(4), which is currently pending. *Id.*, ECF No. 20.

11  **C.  The Instant Action**

12  On July 31, 2025, Plaintiff filed a third civil action accompanied by a third TRO
13 Application (Doc. 2), a second E-Filing Motion (Doc. 4), and an "Affidavit of Personal
14 Bias and Prejudice." (Doc. 3.) On August 1, 2025, Plaintiff filed a third IFP Application
15 (Doc. 5) and a fourth TRO Application (Doc. 7). On August 4, 2025, Plaintiff's third civil
16 action was identified as related to *Abera I* pursuant to Local Rule 40.1(e). (Doc. 6.)
17 Plaintiff filed an Objection to the Related Case Designation (Doc. 8; *see also* Doc. 9),
18 which the Honorable Judge Robert S. Huie overruled. The action was then transferred to
19 the undersigned on August 11, 2025. (Doc. 12.)

20  **II.  LEGAL STANDARD**

21  A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is
22 subject to mandatory, *sua sponte* review and dismissal by the Court if the action: "(i) is
23 frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)
24 seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.
25 § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not
26 only permits but requires a district court to dismiss an [IFP] complaint that fails to state a
27 claim."). "[T]he sua sponte screening and dismissal procedure is cumulative of, not a
28 substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to

bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

In addition, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

### III.     DISCUSSION

**A.     IFP Application**

As a preliminary matter, Plaintiff seeks to proceed IFP and has re-filed the same IFP Application which the Court granted in *Abera II*.[1]  For the same reasons discussed in the *Abera II* Order (*see Abera II*, Case No. 25-cv-01488-RBM-DEB (S.D. Cal. July 23, 2025), ECF No. 18 at 5–6), the Court finds that Plaintiff has sufficiently shown an inability to pay the $405 filing fee pursuant to § 1915(a) and thus **GRANTS** Plaintiff's IFP Application.

**B.     Screening Under 28 U.S.C. § 1915(e)**

Like Plaintiff's prior cases, this Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e).  Plaintiff previously commenced two other actions in this district against the same Defendants making the same allegations as in the instant Complaint.  Plaintiff has now filed the instant Complaint in yet another attempt to undermine state court orders and

---

[1] All parties instituting any civil action, suit, or proceeding in a District Court of the United States must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).  A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a).

circumvent this Court's dismissal of his Complaint in *Abera II* for lack of subject matter jurisdiction. Because there has been no change of circumstance since Plaintiff's first and second actions were dismissed, this action must likewise be dismissed.

"To prevent . . . abusive or captious litigation, section 1915(d) authorizes federal courts to dismiss a claim filed [IFP] 'if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting 28 U.S.C. § 1915(d)). A complaint is legally "frivolous where it lacks an arguable basis either in law or in fact." *Id*. Moreover, a complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous or malicious under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

In this case, the Court finds the Complaint is legally frivolous because it is duplicative of Plaintiff's previously dismissed actions and, for the reasons thoroughly explained in the *Abera II* Order, the Court lacks subject matter jurisdiction.

### 1. Duplicative Actions

To determine whether a suit is duplicative, courts "borrow from the test for claim preclusion." *Adams*, 487 F.3d at 688 (citation omitted). "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Id*. at 689. "The central criterion in determining whether [the causes of action are the same] between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Here, there is no question that the prior actions and the instant action involve the same parties, as the same Plaintiff brings claims against the same Defendants. It is also clear that Plaintiff asserts the same causes of action as in *Abera I* and *Abera II* based on the

same factual allegations surrounding the Unlawful Detainer Action. (*Compare* Doc. 1 at 20–32 (asserting claims for violations of the First Amendment, violation of the Fourteenth Amendment, retaliatory eviction, breach of implied warranty of habitability, fraudulent concealment, and unjust enrichment) *with Abera I*, Case No. 25-cv-01437-RBM-DEB (S.D. Cal. June 5, 2025), ECF No. 1 at 19–32 (asserting identical claims); *and Abera II*, Case No. 25-cv-01488-RBM-DEB (S.D. Cal. June 18, 2025), ECF No. 1 at 19–32 (asserting identical claims).). Like in *Abera I* and *Abera II*, Plaintiff's claims stem from the allegedly "procedurally defective" proceedings in the Unlawful Detainer Action. Indeed, Plaintiff expressly asserts that he "resubmits this Verified Complaint, originally filed under Case No. 3:25-cv-01488-RBM-DEB" (Doc. 2 at 2), which the Court dismissed without leave to amend for the reasons set forth in the *Abera II* Order. Thus, this action and Plaintiff's prior actions involve the same causes of action.

The Court concludes the instant action is duplicative of Plaintiff's previously dismissed actions and must be dismissed. *See Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of claims as "frivolous or malicious" where four prior actions concerning the same issue were dismissed for lack of subject matter jurisdiction).

### 2. Lack of Subject Matter Jurisdiction

The Court further notes that, as Plaintiff's allegations are identical to those in *Abera II*, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity would also bar Plaintiff from proceeding in this action. As the Court explained in the *Abera II* Order, under the *Rooker-Feldman* doctrine, federal courts are deprived of jurisdiction to hear appeals to final, and non-final, orders and judgments issued by a state court. *See Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). An action constitutes a *de facto* appeal when the plaintiff is asserting legal errors by a state court and is seeking a relief from the state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163). Here, Plaintiff attempts to do exactly that. Plaintiff requests that this Court "quash" the Writ of Possession issued by the San Diego Superior Court, "enjoin any further

enforcement actions stemming from" the state court's order, and "declare that the eviction proceedings and post-trial enforcement were procedurally defective and constitutionally infirm." (Doc. 1 at 16.) In doing so, Plaintiff asks the Court to "review the final determinations of a state court in judicial proceedings," which is at the core of *Rooker-Feldman*'s prohibition. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000); *see Richards v. Mercy Hous. Cal.*, No. C 12-00234 JW, 2012 WL 174186, at *2 (N.D. Cal. Jan. 18, 2012) ("[I]nsofar as [he] requests that the Court 'stop' the eviction," Plaintiff is evidently "seeking relief from the state court judgment.").

Additionally, while Plaintiff asserts federal claims arising from the unlawful detainer proceedings, his claims "rely on the premise that Plaintiff . . . [was] in fact entitled to remain in possession," meaning the judgment in the state court was "wrongful." *Koshak v. Cnty. of Orange*, No. SACV 13-01732-CJC(ANx), 2014 WL 12626351, at *3 (C.D. Cal. Jan. 24, 2014), *aff'd*, 637 F. App'x 323 (9th Cir. 2016); *see also Iula v. Voos*, No. 23-CV-2277 JLS (AHG), 2024 WL 171395, at *7 (S.D. Cal. Jan. 16, 2024) (citation omitted) ("The issue of enforcing an unlawful detainer judgment is inextricably intertwined with the judgment itself."). Plaintiff's claims are therefore "inextricably intertwined with the merits of a state-court judgment" because they "succeed[] only to the extent that the state court wrongly decided the issues before it." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Thus, the Court has no jurisdiction to review or grant Plaintiff's requested relief.

### 3.     Failure to State a Claim and Immune Defendants

Lastly, for the same reasons previously discussed (*see Abera II* Order at 11), the Complaint is also legally frivolous because: (1) it fails to state a claim for constitutional violations against private individuals; and (2) Plaintiff impermissibly seeks relief against several Defendants, including two state court judicial officers and the San Diego Sheriff's Department, "who are immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Complaint is subject to dismissal without leave to amend. *See Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by

definition, no merit to the underlying action and so no reason to grant leave to amend.").

## IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1. Plaintiff's IFP Application (Doc. 3) is **GRANTED**.

2. The Complaint is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's remaining motions (Docs. 2, 4–5, 7, 10) are **DENIED AS MOOT**. *See Olajide v. Brown*, Case No. 18-cv-03991-CRB, 2018 WL 3328227, at *3 (N.D. Cal. July 6, 2018) (dismissing complaint and denying TRO motion as moot); *Dudash v. Ulloa*, Case No.: 3:25-cv-1269-CAB-BLM, 2025 WL 1663395, at *2 (S.D. Cal. June 11, 2025) (dismissing complaint and denying plaintiff's motion for leave to electronically file documents as moot).

4. The Clerk of the Court is **DIRECTED** to close the case **and accept no further filings**, except a timely Notice of Appeal, which this Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff is warned that if he makes any further duplicative filings in this Court, he may be deemed a vexatious filer. If so, the Court may institute a prefiling bar requiring him to seek approval before he can file any further lawsuits. *See, e.g.*, *Lopez v. HSBC Bank USA, N.A.*, Case No. 8:19-cv-01816-JFW-KES, 2020 WL 7416930, at *2–8 (C.D. Cal. July 10, 2020) (declaring plaintiff a vexatious litigant where he filed numerous frivolous actions, repeated previously dismissed claims, and filed procedurally improper appeals).

**IT IS SO ORDERED**.

DATE: August 18, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE