**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMAN ABERA, | Case No.:  25-cv-01937-RBM-DEB |
| Plaintiff, | **ORDER DENYING MOTION TO VACATE VOID JUDGMENT UNDER RULE 60(b)(4) AND RULE 60(d)(3)** |
| v. | |
| SAN DIEGO PACIFICVU LLC, et al., | |
| Defendants. | **[Doc. 25]** |

Pending before the Court is Plaintiff Aman Abera's ("Plaintiff") Motion to Vacate Void Judgment Under Rule 60(b)(4) and Rule 60(d)(3) ("Motion to Vacate").  (Doc. 15.) For the reasons discussed below, Plaintiff's Motion to Vacate (Doc. 25) is **DENIED**.

## I.    BACKGROUND

Plaintiff filed three identical actions in this Court asserting the same claims arising from an unlawful detainer matter adjudicated in the Superior Court of California, County of San Diego, captioned as *San Diego PacificVu LLC v. Abera*, Case No. 24UD014810C (the "Unlawful Detainer Action").  (*See* Doc. 1 at 1–2.)  On June 5, 2025, Plaintiff filed the first civil action before this Court.  *Abera v. PacificVU LLC et al.*, Case No. 25-cv-01437-RBM-DEB (S.D. Cal. June 5, 2025), ECF No. 1 ("*Abera I*").  Plaintiff filed his second duplicative action on June 18, 2025.  *Abera v. PacificVU LLC et al.*, 3:25-cv-01488-

1

RBM-DEB (S.D. Cal. June 18, 2025), ECF No. 1 ("*Abera II*").  He then filed the instant action ("*Abera III*") on July 31, 2025.  (Doc. 1.)

Between August and October 2025, Plaintiff filed a total of four substantially related motions to vacate in the actions before this Court, including the instant Motion to Vacate (Doc. 25).  The Court recently dismissed two out of the four motions to vacate filed in *Abera II* ("*Abera II* Order").  *See Abera II*, ECF No. 32.  As the pertinent facts remain the same, the Court incorporates its *Abera II* Order by reference which sets forth the relevant factual and procedural background of Plaintiff's three duplicative actions in this Court.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 60(b) "allows for relief from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief."  *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (citing *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020) (cleaned up)).

The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief."  *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001).  That party must show "more than a disagreement with the Court's decision[;] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *Westlands Water*, 134 F. Supp. 2d at 1131 (cleaned up).

## III.   DISCUSSION

On August 18, 2025, the Court granted Plaintiff's IFP application but dismissed his Complaint on screening pursuant to 28 U.S.C. § 1915(e) as frivolous, for lack of subject matter jurisdiction, for failure to state a claim, and for seeking relief against immune defendants ("Dismissal Order").  (Doc. 14 at 5–7.)  As in his other motions to vacate filed in *Abera I* and *Abera II*, Plaintiff seeks to vacate the Court's Dismissal Order under Rule

60(b)(4) and Rule 60(d)(3).  (Doc. 25 at 2–3.)  In the instant Motion to Vacate, Plaintiff reasserts the same Rule 60(b)(4) and Rule 60(d)(3) arguments made in the motions to vacate that he filed in *Abera I* and *Abera II* including that his "protective notice of appeal . . . divest[ed] [this Court] of jurisdiction," that the undersigned was automatically "disqualified" by a motion to disqualify that he filed in *Abera II*, and that the Ninth Circuit "misclassified" his motions and notices of appeals.  (Doc. 25 at 2–3.)[1]

The Court has already addressed and rejected the same arguments in Plaintiff's substantially similar motions to vacate filed in *Abera I* and in *Abera II*.  *See Abera I*, ECF No. 23 at 2–4 ("*Abera I* Order"); *Abera II*, ECF No. 32 at 4–9.  The Court therefore incorporates its Rule 60(b)(4) and Rule 60(d)(3) analysis as set forth in the *Abera I* Order and the *Abera II* Order.  For the same reasons, the Court finds that Plaintiff fails to provide a basis to vacate the Dismissal Order in this case and relief under Rule 60(b)(4) and Rule 60(d)(3) is unwarranted.  Accordingly, Plaintiff's Motion to Vacate is **DENIED**.

Additionally, in its Dismissal Order in this case as well as in its *Abera I* Order and *Abera II* Order, the Court warned Plaintiff that he may be deemed a vexatious litigant if he made any further duplicative filings in this Court and will do so again here.  (Doc. 14 at 8); *see Abera II*, ECF No. 32 at 9.  ***This is Plaintiff's final warning.***  Plaintiff has filed three duplicative actions in this District, four improper appeals with the Ninth Circuit, and countless filings in each of those actions.  Each action has been meritless and resolved against Plaintiff.  Yet, Plaintiff has continued to abuse the judicial process and consume this Court's time and resources with frivolous litigation.  If Plaintiff continues to do so, the Court will issue an Order to Show Cause as to why it should not institute a prefiling bar requiring him to seek approval before he can file any further lawsuits.

---

[1]  The Court notes that Plaintiff filed the motion to disqualify in *Abera II*, not in this action.  *See Abera II*, ECF No. 16.  Plaintiff also contends that a motion to vacate filed in *Abera II* somehow prevented the Court from ruling on his applications in the instant action but presents no argument or legal authority for such contention.  (*See* Doc. 25 at 2–3.)

3:25-cv-01937-RBM-DEB

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Vacate (Doc. 25), **DIRECTS** the Clerk to accept no further documents for filing in this closed case, except for a timely-filed Notice of Appeal, which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATE:  February 3, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-01937-RBM-DEB